# United States Court of Appeals

## For the First Circuit

No. 09-2273

WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.;
CONGREGACIÓN CRISTIANA DE LOS TESTIGOS
DE JEHOVÁ DE PUERTO RICO, INC.,

Plaintiffs, Appellants,

v.

ANTONIO M. SAGARDÍA DE JESÚS, in his official capacity as Secretary
of Justice; LUIS G. FORTUÑO, in his official capacity as Governor;
HÉCTOR MORALES VARGAS, in his official capacity as Commissioner  of
the Planning Board of Puerto Rico; HUMBERTO MARRERO RECIO, in his
official capacity as Administrator of Regulations and Permits;
MUNICIPALITY OF BAYAMÓN; MUNICIPALITY OF CAGUAS; MUNICIPALITY OF
DORADO; MUNICIPALITY OF GURABO; MUNICIPALITY OF GUAYNABO;
MUNICIPALITY OF PONCE; MUNICIPALITY OF SAN JUAN; MUNICIPALITY OF
TRUJILLO ALTO; PACIFICA HOMEOWNERS ASSOCIATION, INC., d/b/a
Pacifica; VILLA PAS, d/b/a/ Villa Paz, a/k/a Asociación de
Residentes de Villa Paz,

Defendants, Appellees.

MUNICIPALITY OF SANTA ISABEL; MUNICIPALITY OF VEGA BAJA;
MUNICIPALITY OF YAUCO; CIUDAD INTERAMERICANA DE BAYAMÓN, INC.,
a/k/a Residentes Urbanización Ciudad Interamericana de Bayamón,
Inc.; CIUDAD INTERAMERICANA, INC., d/b/a Ciudad Interamericana,
a/k/a Asociación de Residentes Ciudad; EL MONTE DE PONCE, P.R.,
INC., d/b/a El Monte, a/k/a Asociación de Residentes de la
Urbanización El Monte de Ponce, P.R., Inc.; ESTANCIAS DE GRAN VISTA
HOMEOWNERS ASSOCIATION, INC., d/b/a Estancias de Gran Vista;
ESTANCIAS DE TORTUGUERO, INC., d/b/a Estancias de Tortuguero, a/k/a
Asociación Residentes Estancias de Tortuguero, Inc.; ESTANCIAS DE
YAUCO, INC., d/b/a Estancias de Yauco, a/k/a Asociación de
Residentes Urbanización Estancias de Yauco, Inc.; ESTANCIAS DEL
TURABO, INC., d/b/a Estancias del Turabo, a/k/a Asociación de
Residentes del Turabo, Inc.; G.H.S. INC., Garden Hills Sur; BAIROA
GOLDEN GATE #2, INC., d/b/a Golden Gage II, a/k/a Asociación de
Residentes de Bairoa Golden Gate #2; HACIENDA BORINQUEN, INC.,
d/b/a Hacienda Borinquen, a/k/a Asociación de Residentes Hacienda
Concordia, Inc.; HACIENDA CONCORDIA, INC., d/b/a Hacienda
Concordia; LOS PRADOS DE DORADO, INC., d/b/a Los Prados Sur, a/k/a

Asociación de Propietarios de la Urbanización Los Prados de Dorado, Inc.; MANSIÓN DEL SUR, INC., d/b/a Mansión del sur, a/k/a Asociación de Propietarios de Mansión del Sur, Inc.; PANORAMA HOMEOWNERS ASSOCIATION, INC., d/b/a Panorama State; PARQUE FORESTAL, INC., d/b/a Parque Forestal, a/k/a Asociación de Propietarios de Parque Forestal, Inc.; PASEO MAYOR HOMEOWNERS ASSOCIATION, INC., d/b/a Paseo Mayor; PRADO ALTO EN TORRIMAR, INC., d/b/a Prado Alto, a/k/a Asociación de Propietarios de Prado Alto en Torrimar, Inc.; SANTA CLARA, INC., d/b/a Santa Clara, a/k/a Consejo de Residentes de Santa Clara, Inc.; UNDARE, INC., d/b/a Santa Maria; VALLES DEL LAGO, INC., d/b/a Valles del Lago, a/k/a Asociación Comunidad Valles del Lago, Inc.; VEREDA DEL RÍO, INC., d/b/a Vereda del Río; DEL TURABO, INC., d/b/a Estancias del Turabo, a/k/a Asociación Comunitaria del Turabo, Inc.,

Defendants.

Before
Boudin, Ripple[*] and Selya,
Circuit Judges.

**ORDER OF COURT**
**Entered: April 1, 2011**

In response to this court's decision of February 7, 2011, several municipalities have petitioned for rehearing and rehearing en banc, and several others have been allowed to join in the petition.

Our decision affirmed an order of the district court rejecting a facial challenge to Puerto Rico's Controlled Access Law but overturned a further order on summary judgment rejecting as-applied challenges. Watchtower Bible & Tract Soc'y of N.Y., Inc. v. Segardía de Jesús, No. 09-2273, 2011 WL 381609 (1st Cir. Feb. 7, 2011). In the latter order, the district court held that even regular and/or discriminatory exclusion of Jehovah's Witnesses from public streets would not offend the First Amendment because other means existed for Jehovah's Witnesses to communicate their religious views to residents.

The panel decision held that this blanket determination did not conform to Supreme Court First Amendment precedents and that a colorable claim existed that the constitutional rights of Jehovah's Witnesses were being abridged. Without resolving claims against any specific municipality or urbanization, this court held that further proceedings were required and outlined in skeleton form the

_____

[*]Of the Seventh Circuit, sitting by designation.

principles that should guide the district court in structuring injunctive relief if and where it turned out to be appropriate.

In the petition for rehearing, the municipalities first claim that their statute of limitations defenses have been ignored, but, as the panel's decision explained, no damages have been sought; the present concern is with equitable relief; and nothing thus far shows that the plaintiffs slept on their rights to the prejudice of defendant. Where, as here, systemic continuing violations are charged, statutes of limitations do not ordinarily bar relief. E.g., Muniz-Cabrero v. Ruiz, 23 F.3d 607, 610 (1st Cir. 1994).

The petition also suggests that the panel's decision erred in citing survey evidence collected by the plaintiffs, which the petitioners say is controverted. The panel decision cited the survey evidence as indicating that the plaintiffs' factual claims had a colorable basis; but the panel made no determination as to the accuracy or typicality of obstructions to access alleged against any particular municipality or urbanization, and any municipality or urbanization is free on remand to urge that it did not improperly bar access or discriminate.

Finally, the municipalities repeat their claim that any improper obstructions were the work of the permitted urbanizations and not of the municipalities granting the permits. Although the panel did reject claims that the urbanizations could be regarded as wholly private actors free of the constraints imposed by the First Amendment, the panel decision made no determination as to how far municipalities themselves--by virtue of their permitting activities, possible involvement with exclusionary acts, or other entanglements-- might properly be subject to injunctive relief or any other remedy.

Accordingly, the petition for panel rehearing is denied.

By the Court:
/s/ Margaret Carter, Clerk.


cc:
Nora Vargas Acosta
Paul D. Polidoro
Gregory Allen
Eliezer Aldarondo-Ortiz
Michael Craig McCall
Luis E. Pabon-Roca
Clarisa Sola-Gomez
Luis A. Rodriguez-Munoz
Pedro R. Vazquez, III
Claudio Aliff-Ortiz
Jose L. Gandara

Marta L. River-Ruiz
Simone Cataldi Malpica
Alejandro G. Carrasco-Castillo
Robert Millan
Isabel M. Rodriguez Casellas
Luis Sanchez-Betances
Irializ Velez-Quinones
Victor Ricardo Rodriguez Fuentes
Jean Gabriel Vidal-Font
Pedro J. Salicrup
Irene M. Vera
Jason Gonzalez Delgado
Jose E. De la Cruz-Skerrett
Rafael G. Rivera Rosario
Joseph Deliz-Hernandez
Amelia Caicedo-Santiago
Romulo A. Suero-Ponce
Miguel E. Miranda-Gutierrez
Alberto J. Rodriguez-Ramos
Leticia Casalduc Rabell
Zaira Z. Giron Anadon
Susana I. Penagaricano Brown
Irene S. Soroeta-Kodesh
Eduardo A. Vera-Ramirez
Ferdinand Vargas
Wandymar Burgos-Vargas
Iris Alicia Martinez Juarbe
Carmen E. Torres
David M. Gossett
Zachary L. Heiden
Daniel Mach
John Reinstein
William Ramirez-Hernandez
John W. Dineen
Pacifica Homeowners Association